# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Allstate Insurance Company,

                Cross-Plaintiff,

v.

Everest National Insurance Company,

                Cross-Defendant.

Case No. 16-cv-12473

Judith E. Levy
United States District Judge

Mag. Judge Elizabeth A. Stafford

_____/

# OPINION AND ORDER DENYING CROSS-DEFENDANT'S MOTION FOR RECONSIDERATION OR TO CERFIY QUESTION FOR APPEAL PURUSANT TO 28 U.S.C. § 1292(b) [42]

This is a case about the contract for a driver's insurance policy between Joseph Bryson and cross-defendant Everest National Insurance Company, the validity of which depends on whether Bryson's failure to list his roommates as excluded drivers on his insurance application permits Everest to void or rescind the contract. Cross-plaintiff Allstate Insurance Company seeks reimbursement from Everest under Michigan's no-fault insurance regime for Bryson's medical expenses it

incurred treating Bryson's injuries from a car accident that left him a quadriplegic. Before the Court is Everest's motion for reconsideration or, in the alternative, to certify a question for interlocutory appeal under 28 U.S.C. § 1292(b).

I. **Motion for Reconsideration**

To prevail on a motion for reconsideration under Local Rule 7.1, a movant must "not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled *but also show that correcting the defect will result in a different disposition of the case*." E.D. Mich. LR 7.1(h)(3) (emphasis added). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). The "palpable defect" standard is consistent with the standard for amending or altering a judgment under Federal Rule of Civil Procedure 59(e). *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (describing standard). Motions for reconsideration should not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication," E.D. Mich. LR 7.1(h)(3), or if the "parties use . . . a motion for reconsideration to raise

new legal arguments that could have been raised before a judgment was issued," *Roger Miller Music, Inc. v. Sony/ATV Publ'g,* 477 F.3d 383, 395 (6th Cir. 2007). Everest argues that the Court committed three palpable errors, but these arguments do not entitle Everest to reconsideration.

It warrants clarifying that the Court reached its decision based on its interpretation of a provision of the no-fault statute permitting an insurer to rescind a contract if there has been a material misrepresentation. Specifically, there was a genuine issue of material fact whether Bryson's misrepresentation was material. (Dkt. 39 at 12 (citing Mich. Comp. Laws § 500.2218(1)). Then, the Court found that there were alternative grounds for denial of the motion for summary judgment because there was a material question of material fact as to actionable fraud—whether Bryson knowingly or recklessly misrepresented the facts. (*Id.* at 12 n.4.) Therefore, Everest must show that the correction of a palpable error would result in a different disposition on both grounds.

First, Everest argues that the Court committed palpable error when it determined that Everest knew of Bryson's disclosure of his roommates because the insurance agent to whom Bryson made the

disclosure was Everest's agent. (Dkt. 42 at 14–15.) Even assuming the Court committed an error, Everest does not show that correcting that defect result in a different disposition of the case.

To justify voiding an insurance contract, Michigan law requires a material misrepresentation. § 500.2218(1). A material misrepresentation is one that "would have led to a refusal by the insurer to make the contract" if the insurer had known of the facts mispresented. *Id.* Even if the Court committed palpable error in finding that Bryson disclosed his roommates to Everest, it does not impact the Court's analysis of whether there was a material misrepresentation. The Court found that Bryson *did* make a misrepresentation when he did not list his roommates, despite the disclosure, because the application's language was unambiguous. (Dkt. 39 at 816–17.) Thus, it is unclear how this alleged error would result in a different disposition.

Second, Everest argues that the Court committed palpable error when it concluded that this misrepresentation was not material based on its "erroneous premise that Bryson had disclosed the existence of his . . . roommates." (Dkt. 42 at 18.) The Court also infers that Everest believes it was palpable error not to consider the self-executing nature of the

computer-based insurance application. (*Id.* at 19.) Neither of these bases persuades the Court that it committed palpable error or that the correction of such an error an error would lead to a different disposition of this case.

A misrepresentation is material where the insurer would have entirely rejected the risk by not issuing any policy or where the premium would have been different if it had known of the facts misrepresented. *Oade v. Jackson Nat. Life Ins. Co. of Mich.*, 465 Mich. 244, 253–54 (2001) (citing *Keys v. Pace*, 358 Mich. 74, 82 (1959)); *see also* § 500.2218(1). "The proper materiality question under the statute is whether 'the' contract issued, at the specific premium rate agreed upon, would have been issued notwithstanding the misrepresented facts." *Id.* at 254. The Court's finding that Bryson disclosed his roommates to the insurance agent has no impact on this analysis because the *Oade* inquiry requires Everest to show what it would have done if it had known the misrepresented facts; Everest's actual knowledge, or constructive knowledge, is irrelevant.

To the extent that Everest argues that the Court committed palpable error by not focusing on the self-executing nature of the computer application that the insurance agent used, Everest still does

5

not identify how correcting this error would change the outcome of this case. Everest argues that if it had known about the misrepresented facts, the existence of Bryson's roommates, it would not have issued a policy at all. (Dkt. 42 at 18–21.) Specifically, it states that the application form could not have issued the policy if Bryson had listed his roommates as excluded drivers due to the other selections made in the electronic application.[1] (*See id.*) But Allstate made a showing that there is a question of fact as to whether the misrepresentation was material, and Everest makes no showing to the contrary. Underwriter Paul Serota testified that that even if Bryson had included his roommates as excluded drivers, the policy premium "should have remained the same." (Dkt. 28-6 at 25.) Thus, Allstate makes a showing sufficient to defeat summary judgment that the misrepresentation was not material because the contract would have been issued, i.e. Everest would not have rejected the risk and would have offered the same premium.

Moreover, Michigan's binding precedent does not indicate that materiality could turn on the idiosyncratic nature of Everest's particular

---

[1] Everest does not dispute the Court's earlier determination that there was no disagreement that his roommates would have been excluded drivers. (*See* Dkt. 39 at 20.)

6

software or online form for filing out insurance applications. The Michigan Supreme Court in *Oade* expressly stated that the focus of § 500.2218(1) is not whether the insurer would have issued "*any* contract," but "the contract," as written in the statute. 465 Mich. at 254. But at the same time, the Michigan Supreme Court recognized that the inquiry could not be whether the insurer would issue the exact policy had it known the misrepresented facts—otherwise, every misrepresentation would be material, robbing the statute of any meaning. *See id.* 253–54. Thus, it designed a functionalist definition of "the contract" within the material misrepresentation provision: a misrepresentation of facts that would have led the insurer not to have issued the "specific premium rate agreed upon" had the insurer known those facts. *Id.* at 254. Therefore, *Oade* struck a balance of honoring the plain language of § 500.2218(1) that refers to "the contract," but also acknowledging insurers could not defeat the material misrepresentation inquiry by relying on semantics that strip the statute of any meaning.

In other words, if the Michigan Supreme Court had meant to hold that a misrepresentation is material if it would have led the insurer not to issue the same policy, down to the same piece of paper, same form, or

7

same series of inputs, it would not have adopted the test set forth in *Oade*. Whether the insurer would have issued a policy for the same "specific premium rate agreed upon" includes the rejection of the risk, not only a change in premium, because a rejection of risk leads to a rate that is non-existent, which is not the same specific premium rate agreed upon earlier. The Court will follow the Michigan Supreme Court's binding guidance. To employ Everest's reading of *Oade* would allow litigants to defeat the materiality requirement by creating a sufficiently restrictive electronic form for filling out insurance applications.

Third, Everest argues that the Court misstated the law of actionable fraud, specifically that the Court did not recognize that Everest could rescind the contract due to an "innocent" misrepresentation under § 500.2218(1) (Dkt. 42 at 21–24), but Everest misreads the earlier opinion and order. The Court noted that actionable fraud is an alternative ground for rescinding the contract, but that this was not at issue in this case "because "[n]either party focuses its arguments on the elements of actionable fraud." (Dkt. 39 at 12 n.4.) Moreover, the Court recognized that Everest need only show innocent fraud because it decided the motion based on those grounds, as discussed

8

above. In any case, the Court need not address this argument because Everest does not show that it is entitled to reconsideration on the Court's primary grounds of denial, § 500.2218(1). For these reasons, Everest is not entitled to reconsideration.

## II. <u>Motion to Certify Interlocutory Appeal</u>

A district court shall permit a party to appeal a non-final order when the court is "of the opinion that such order involves [1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b); *see also In re Trump*, 874 F.3d 948, 950–51 (6th Cir. 2017). The burden is on the moving party to show that each requirement of § 1292(b) is satisfied. *See In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2012). Such appeals are the exception, however, not the rule. *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

Everest argues that the Court should certify its determination that there was a material misrepresentation because the self-effectuating nature of the application necessarily meant Everest would have rejected the risk as a matter of law. (Dkt. 42 at 25.) Although this is certainly a

controlling legal issue in this case, there is no substantial ground for disagreement. Everest advances an improper interpretation of precedent in a well-settled area of Michigan law. As stated above, the Court's approach is consistent with *Oade*, and Everest provides no support for its reliance on its self-executing application process. Therefore, an appeal would not materially advance the litigation. It would needlessly prolong it.

## III. Conclusion

Accordingly, Everest's motion for reconsideration or for certification for interlocutory appeal (Dkt. 42) is **DENIED**.

IT IS SO ORDERED.

Dated: April 17, 2019           s/Judith E. Levy
Ann Arbor, Michigan         JUDITH E. LEVY
                                            United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 17, 2019.

                                                   s/Shawna Burns
                                                   SHAWNA BURNS
                                                   Case Manager